UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Byron David Smith, | Case No. 22-cv-1205 (PAM/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Brian Middendorf, et al., | |
| Defendants. | |

Plaintiff Byron David Smith, a prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated—specifically his Sixth Amendment right to an impartial jury—because the juror candidates for his jury pool were not randomly selected. *See* Dkt. No. 1. Smith also filed a motion requesting appointment of counsel, *see* Dkt. No. 2, and a motion for waiver of service, *see* Dkt. No. 3. This matter is before the Court under 28 U.S.C. § 1915A(a) to determine which claims and parties may proceed. For the reasons discussed below, the Court will recommend that this case be dismissed for failure to state a claim.

**FINDINGS OF FACT**

A grand jury indicted Smith on two counts of first-degree murder in state court in connection with the shooting deaths of two intruders in his home in November 2012. *See* 49-CR-12-1882 (Morrison County Distr. Ct.). After a jury trial in April 2014, Smith was found guilty of both counts of the indictment. *See id.* Smith filed a direct appeal in state court, and the Minnesota Supreme Court affirmed his convictions. *See State v. Smith*, 876 N.W.2d 310 (Minn. 2016). Smith then filed a habeas corpus petition in federal court pursuant to 28 U.S.C. § 2254, alleging that his Sixth Amendment right to a public trial had been violated when the trial court judge closed the courtroom to discuss pretrial

evidentiary motions. *See Smith v. Smith*, No. 17-CV-673 (JRT/TNL). The district court denied the petition and the Court of Appeals for the Eighth Circuit affirmed. *See Smith v. Titus*, 958 F.3d 687, 693 (8th Cir. 2020), *reh'g denied*. Smith then filed a petition for a writ of certiorari to the United States Supreme Court, which was ultimately denied on March 22, 2021. *See Smith v. Titus*, 141 S. Ct. 982 (2021).

On May 4, 2022, Smith filed this complaint pursuant to § 1983, alleging that the manner in which the jury candidate pool was selected for his jury trial was non-random in violation of Minnesota rules and statutes, and his rights under the United States and Minnesota Constitutions, specifically his Sixth Amendment right under the United States Constitution. Smith asks this Court to issue a declaratory judgment stating that the defendants violated Smith's civil rights; a declaratory judgment stating that the "juror profile" list is null and void; file or cause to be filed criminal charges against the defendants and any anyone else who may have participated in depriving Smith of his right to an unbiased jury; sanctions against those who violated American Bar Association ethical standards in depriving him of an unbiased jury; punitive damages; and any other relief this Court deems just and proper.

Because the essence of Smith's complaint addresses the validity of his conviction, however, the complaint is barred under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), and must therefore be dismissed for failure to state a claim.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) provides that as part of this review, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails

2

to state a claim upon which relief may be granted." Smith's Complaint qualifies for such review.

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *Pro se* complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

In *Heck*, moreover, the Supreme Court held that

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentenced invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The doctrine first set forth in *Heck* is not limited to requests for money damages. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Rather, in determining whether *Heck* applies, district courts must "disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Id.*

**CONCLUSIONS OF LAW**

In this case, Smith challenges the manner in which his jury candidate pool was selected. After conducting a statistical analysis of his jury candidate pool, he alleges that the selection process was not random, thereby violating his right to an impartial jury. *See* Dkt. No. 1.

The Sixth Amendment guarantees criminal defendants the right to trial by an impartial jury "drawn from a fair cross-section of the community." *United States v. Jefferson*, 725 F.3d 829, 835 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1954 (2014). A new trial may be warranted when a defendant has been deprived of this right. *See United States v. Brown*, 913 F. Supp. 1324, 1333 (D. Minn. 1996).

A finding that the juror candidate list assembled for Smith's criminal case was constitutionally flawed, or a finding that prosecutors committed misconduct in assembling that list, would necessarily imply the invalidity of Smith's conviction. The *Heck* doctrine, however, prohibits Smith from presenting claims necessarily implying the invalidity of his conviction through federal litigation (outside the context of a petition for a writ of habeas corpus). *See Burdick v. Schroeppel*, No. 5:16-CV-01393 (MAD/TWD), 2017 WL 5509355, at *5 (N.D.N.Y. Jan. 31, 2017) (noting that claims of unlawful jury pool selection are barred by *Heck*). Not until Smith's conviction has been reversed, vacated, or otherwise invalidated through a more appropriate procedural vehicle may he prosecute civil claims attacking or necessarily implying the invalidity of his conviction. *See Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (modifying dismissal under *Heck* to be without prejudice).

Furthermore, even if Smith intended to file a petition for a writ of habeas corpus under 28 U.S.C § 2254 to challenge the fact of his detention due to alleged violations of

his Sixth Amendment right to an impartial jury, this Court cannot simply recharacterize his § 1983 complaint as a habeas petition. In *Spencer v. Haynes*, the Eighth Circuit directed district courts to "first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a [§ 1983] action" and vice versa. 774 F.3d 467, 471 (8th Cir. 2014). The plaintiff's consent is required, because, for example, "a habeas corpus action and a prison civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible, or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011).

In this case, Smith has not given his consent to recharacterize his § 1983 complaint as a habeas corpus petition. Even if he were to provide his consent, Smith already filed a habeas corpus petition in federal court, which was decided on its merits. *See* 17-CV-673 (JRT/TNL). Smith should note that recharacterizing his § 1983 complaint as a habeas petition would therefore qualify as a "second or successive habeas petition" pursuant to 28 U.S.C. § 2244(b) and § 2244(b) limits the circumstances under which a petitioner may file a second or successive habeas petition.

Specifically, under § 2244(b), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Because Smith has not received (or even sought) authorization from the United States Court of Appeals for the Eighth Circuit to bring a successive habeas corpus petition, this Court does not have jurisdiction to

5

consider a second habeas petition from Smith.[1] Accordingly, even if Smith recharacterized his § 1983 complaint as a habeas petition, this Court would lack jurisdiction to consider the petition.

## RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS THAT:**

1. This action be **DISMISSED WITHOUT PREJUDICE.**

2. Smith's Motion to Appoint Counsel, Dkt. No. 2, be **DENIED** as **MOOT.**

3. Smith's Motion for Waiver of Service, Dkt. No. 3, be **DENIED** as **MOOT.**

Dated: June 7, 2022

            s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

[1] Smith should also be aware that even if he requests and obtains authorization to file a second or successive habeas corpus petition with the Eighth Circuit Court of Appeals, 28 U.S.C. § 2244(b)(2) provides that such a petition "shall be dismissed" unless the petition falls within one of the specifically enumerated exceptions set forth in § 2244(b)(2)(A)—(B). Furthermore, 28 U.S.C. § 2244(d) is a timing statute, limiting when a petitioner may file a habeas petition. Unless the filing of the petition satisfies the requirements of § 2244(d)(1)—(2), this Court may not have the authority to consider a habeas petition because it is time barred. *See* 28 U.S.C. § 2244(d)(1)—(2).